IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re

PACIFIC THOMAS CORPORATION, dba THOMAS CAPITAL, dba SAFE STORAGE,

Debtor

_____/

No. C-14-4083 MMC

Bankruptcy Case No. 14-54232 MEH

**ORDER DENYING APPELLANT'S MOTION FOR TEMPORARY RESTRAINING ORDER**

Before the Court is appellant Randall Whitney's ("Whitney") "Motion for Temporary Restraining Order and Order to Show Cause Why Stay Pending Appeal Should Not Issue," filed November 18, 2014.  Having read and considered the motion, the Court rules as follows.

On November 14, 2014, the Bankruptcy Court issued its "Order Re Violation of the Automatic Stay," in which the Bankruptcy Court (1) found four lis pendens recorded by Whitney on October 30, 2014, in the Alameda County Recorder's Office, are void, (2) directed Whitney to expunge the lis pendens on or before November 20, 2014, (3) directed Whitney to record withdrawals of the lis pendens on or before November 20, 2014, and provide to the Trustee by that date evidence of the recorded withdrawals, and (4) gave the Trustee leave, in the event Whitney failed to expunge the lis pendens by November 20, 2014, to file a declaration attesting to those facts and to provide notices of withdrawal of the lis pendens for execution by the Bankruptcy Court and subsequent

recordation by the Trustee.  (See Whitney Decl. Ex. A.)

By the instant motion, Whitney seeks an order staying the Bankruptcy Court's November 14, 2014 order.[1]  For the reasons discussed below, the Court finds Whitney's motion must be denied for failure to comply with Rule 8005 of the Federal Rules of Bankruptcy Procedure.

Rule 8005 provides as follows:

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge. . . .

See Fed. R. Bankr. P. 8005.

Under Rule 8005, a district court "has the power to stay an order or judgment of the Bankruptcy Court, or 'other relief pending appeal,' as long as such relief was first sought in the Bankruptcy Court."  See In re Petrusch, 14 B.R. 825, 826 n.1 (N.D. N.Y. 1981); see also In re Roberts Farms, Inc., 652 F.2d 793, 795, 798 (9th Cir. 1981) (holding, in interpreting predecessor to Rule 8005, "first step" in obtaining stay pending appeal is to "apply to the bankruptcy judge for a stay"; referring to such requirement as "unambiguous").[2]  Consequently, in determining whether an appellant is entitled to a stay

---

[1] On November 14, 2014, Whitney filed in the Bankruptcy Court a notice of appeal from said order of the Bankruptcy Court (see id.); as of today's date, the Clerk of Court has not received from the Clerk of the Bankruptcy Court the notice of appeal and, consequently, has not opened a new action based thereon.  It would appear Whitney, in light of such circumstances, filed the instant motion in the above-titled related action.  By issuing this order, the Court does not decide the propriety of Whitney's filing the instant motion in such earlier action.

[2] In the predecessor to Rule 8005, the provisions pertaining to stays pending appeal are in all material respects indistinguishable from those in Rule 8005.  Compare id. at 795 n.1 (quoting predecessor to Rule 8005), with Fed. R. Bankr. P. 8005.

pending appeal, the district court does not consider the matter in the first instance, but, rather, reviews the bankruptcy court's denial of a request for a stay for abuse of discretion. See <u>In re Wilson</u>, 53 B.R. 123, 124 (D. Mt. 1985) (denying motion for stay of bankruptcy court's order pending appeal, where appellant failed to first seek such relief from bankruptcy court; noting "the [c]ourt will not assume duties which are ordinarily functions of the trial court"); <u>see</u> <u>also</u> <u>In re Wymer</u>, 5 B.R. 802, 808 (B.A.P. 9th Cir. 1980) (holding "rule" requiring appellant to initially seek stay from bankruptcy court is necessary so as not to "distort the delicate balance between trial and appellate levels and deny recognition of their respective roles").

Here, Whitney, in his motion, does not indicate he sought a stay from the Bankruptcy Court, and a review of the Bankruptcy Court's docket shows he did not. Under such circumstances, the Court declines to consider in the first instance whether a stay is appropriate. See <u>id.</u> at 807 (holding "power to stay enforcement of a judgment" is "usually exercised by the trial court" in the first instance; noting, "appellate courts are reluctant to entertain a request for stay unless it is demonstrated that the trial judge is unavailable or that the request was denied by the trial judge").

Accordingly, the motion is hereby DENIED, without prejudice to Whitney's first seeking a stay from the Bankruptcy Court.

**IT IS SO ORDERED.**

Dated: November 18, 2014

MAXINE M. CHESNEY
United States District Judge