United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re

PACIFIC THOMAS CORPORATION, dba THOMAS CAPITAL, dba SAFE STORAGE,

Debtor
_____/

No. C-14-4083 MMC

Bankruptcy Case No. 14-54232 MEH

**ORDER DENYING APPELLANT'S MOTIONS FOR LEAVE TO FILE SUR-REPLY AND FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

By order filed December 17, 2014, the Court granted appellee Kyle Everett's ("the Trustee") Motion to Dismiss Appeal as Moot, and dismissed the above-titled bankruptcy appeal. Before the Court are two motions filed by appellant Randall Whitney: (1) Motion for Leave to File Sur-Reply to Reply Brief, filed December 17, 2014;[1] and (2) Motion for Leave to File a Motion for Reconsideration, filed December 24, 2014. Having read and considered appellant's motions, the Court rules as follows.

In its order of dismissal, the Court found that, to the extent the appeal challenged an order granting the Trustee's motion to sell certain real property owned by the bankruptcy estate, the appeal was moot under the "absolute mootness rule," which rule applies where an appellant does not obtain a stay of an order approving a sale to a good faith purchaser and the sale has closed. See Paulman v. Gateway Venture Partners III, L.P. (In re Filtercorp, Inc.), 163 F.3d 570, 576-77 (9th Cir. 1998) (affirming as moot dismissal of appeal from order approving sale, where appellant did not obtain stay prior to sale closing

---

[1]The motion was electronically filed after the Court granted the motion to dismiss.

and where bankruptcy court was "not clearly erroneous" in finding buyer constituted "purchaser in good faith").[2]

In both of the above-referenced motions, appellant requests the Court consider new arguments and evidence pertaining to the circumstances of the Trustee's sale of the real property at issue.  Assuming, arguendo, such new arguments and evidence may be considered at this stage of the proceedings, the Court finds appellant's additional showing insufficient to warrant reconsideration of the dismissal.

First, appellant fails to argue, let alone show, the purchaser did not act in good faith, and fails to show the sale did not close.  Although appellant contends the newly offered evidence supports a finding that the Trustee caused the City of Oakland to provide incorrect title information to the purchaser, such contention, even if accepted, does not warrant reconsideration.  As the Court explained in its order of dismissal, even if the purchaser might in the future seek to rescind the completed sale, the instant appeal nonetheless is moot.

Second, appellant, citing In re Onouli-Kona Land Co., 846 F.2d 1170 (9th Cir. 1988), asserts an exception to the mootness rule applies.  The exception identified in Onouli-Kona, however, is inapplicable to the instant appeal, as it applies only "where real property is sold to a creditor who is a party to the appeal." See id. at 1172 (internal quotation and citation omitted).  Here, there is no showing the purchaser is a creditor of the bankruptcy estate, and, in any event, the purchaser is not a party to the instant appeal.

Accordingly, appellant's motions are hereby DENIED.

**IT IS SO ORDERED.**

Dated: January 7, 2015

MAXINE M. CHESNEY  
United States District Judge

---

[2] The Court also found that, to the extent the appeal challenged an order granting the Trustee's motion for approval to abandon certain other real property owned by the estate, the appeal was moot, given the subject property was sold by a lienholder at a foreclosure sale, resulting in the estate's no longer having any interest to abandon.

2