United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PACIFIC THOMAS CORPORATION, dba THOMAS CAPITAL, dba SAFE STORAGE,<br><br>Debtor<br>_____/ | No. C-14-4083 MMC<br><br>Bankruptcy Case No. 14-54232 MEH<br><br>**ORDER DENYING APPELLANT'S MOTION FOR REHEARING** |

By order filed December 17, 2014, the Court granted appellee Kyle Everett's (hereinafter, "the Trustee") Motion to Dismiss Appeal as Moot, and judgment thereon was entered January 5, 2015. In the interim, on December 24, 2015, appellant Randall Whitney, who proceeds pro se, filed a Motion for Leave to File a Motion for Reconsideration, which motion the Court denied by order filed January 7, 2015.

Now before the Court is appellant's Motion for Rehearing, filed January 20, 2015, pursuant to Rule 8015 of the Federal Rules of Bankruptcy Procedure. Having read and considered the motion and supporting declaration, the Court rules as follows.

In his Motion for Rehearing, appellant relies on evidence he asserts he could not have obtained prior to the deadline for filing opposition to the Trustee's motion to dismiss. Assuming, arguendo, a motion under Rule 8015 can be based on newly discovered evidence, and further assuming, arguendo, the evidence now offered could not, with reasonable diligence, have been discovered earlier, see In re Fowler, 394 F.3d 1208, 1215

1 and n.3 (9th Cir. 2005) (noting some district courts have recognized relief may be granted
2 under Rule 8015 based on a "significant change in the law or facts since the submission of
3 the issue"),[1] the Court finds appellant has failed to show rehearing is proper.
4 　　　　As discussed in the Court's order of December 17, 2014, an appeal from an order
5 approving a sale becomes moot if the sale has closed and the buyer was a "purchaser in
6 good faith." See Paulman v. Gateway Venture Partners III, L.P. (In re Filtercorp, Inc.), 163
7 F.3d 570, 576-77 (9th Cir. 1998).  Here, appellant does not contend the evidence on which
8 he relies shows the purchaser did not act in good faith.  Rather, appellant contends such
9 evidence, which is, in part, the same evidence on which appellant based his Motion for
10 Leave to File a Motion for Reconsideration, supports a finding that the Trustee caused the
11 City of Oakland to provide incorrect title information to the purchaser.  To the extent
12 appellant again argues the sale should not be treated as closed given the possibility the
13 purchaser might seek to rescind the sale, the Court, for the reasons set forth in the Court's
14 earlier orders, disagrees.  (See Order, filed December 17, 2014, at 4:3-12 (explaining
15 "absolute mootness rule" applied given sale to good faith purchaser closed, irrespective of
16 possibility purchaser might later seek to rescind closed sale); see also Order, filed January
17 7, 2015, at 2:9-14 (again finding appeal moot given sale to good faith purchaser had
18 closed; noting, "[a]s the Court explained in its order of dismissal, even if the purchaser
19 might in the future seek to rescind the completed sale, the instant appeal nonetheless is
20 moot").)
21 //
22 //
23 //

---

[1] The Court further assumes the instant motion was timely filed despite certain irregularities in its submission.  As noted, judgment was entered January 5, 2015; consequently, the deadline to file a motion for hearing was January 20, 2015.  See Fed. R. Bank. P. 8015 (providing motion for rehearing must be filed "within 14 days after entry of the judgment of the district court"); Fed. R. Civ. P. 6(a)(1)(C) (providing where deadline falls on federal holiday, deadline extended by one day).  Although appellant filed the notice of motion and his supporting declaration on January 20, 2015, the exhibits referenced in the declaration were not filed until January 21, 2015.

2

Accordingly, appellant's motion for rehearing is hereby DENIED.

**IT IS SO ORDERED.**

Dated: January 29, 2015

MAXINE M. CHESNEY
United States District Judge

3